IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DONNA JEAN ALTIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18-00915-CV-W-ODS |
| | ) | |
| ANDREW M. SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION DENYING BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS

Pending is Plaintiff's appeal of the Commissioner of Social Security's decision denying her application for a period of disability and disability insurance benefits. For the following reasons, the Commissioner's decision is reversed, and the case is remanded for further proceedings.

## I.   STANDARD OF REVIEW

The Court's review of the Commissioner's decision is limited to a determination of whether the decision is "supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance but…enough that a reasonable mind would find it adequate to support the conclusion." *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015) (citations omitted). "As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because we would have decided the case differently." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). Though advantageous to the Commissioner, this standard also requires the Court consider evidence that fairly detracts from the final decision. *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2015) (citation omitted). Substantial evidence means "more than a mere scintilla" of evidence; it is relevant evidence a reasonable mind might accept as adequate to support a conclusion. *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010).

## II. BACKGROUND

Plaintiff was born in 1958 and her highest level of education is juris doctor. R. at 34-35. She previously worked as an immigration officer. R. at 18, 38. In October 2015, Plaintiff applied for a period of disability and disability insurance benefits, alleging a disability onset date of December 27, 2014. R. at 10. Her application was denied, and she requested a hearing before an administrative law judge ("ALJ"). A hearing was held in October 2017. R. at 31-50.

In January 2018, ALJ P. H. Jung issued a decision, finding Plaintiff was not disabled. R. at 10-19. The ALJ found Plaintiff has the severe impairments of degenerative disc disease of the lumbar and cervical spine, obesity, hypertension, and osteopenia. R. at 12. The ALJ determined Plaintiff has the residual functional capacity ("RFC") "to perform sedentary work as defined in 20 CFR 404.1567(a) except that she can [o]ccasionally climb ramps and stairs, but never climb ladders, ropes, and scaffolds," "can occasionally balance, stoop, kneel, crouch, and crawl," and "should avoid frequent exposure to extreme cold, wetness, vibration, hazards, machinery, and heights." R. at 14. Sedentary work is defined as "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 404.1567(a). For a sedentary job, "a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." *Id*. Based on the RFC and the vocational expert's ("VE") testimony at the hearing, the ALJ concluded Plaintiff was able to perform her past relevant work. R. at 18.

Plaintiff appealed the ALJ's decision to the Appeals Council, which denied her appeal. Plaintiff now appeals to this Court.

## III. DISCUSSION

Plaintiff argues the Commissioner's decision must be reversed for several reasons. As set forth *infra*, the Court agrees, reverse the Commissioner's decision denying benefits, and remands the matter for further proceedings.

### A. Dr. Pratt's Opinion

Prior to the onset of Plaintiff's alleged disability, one medical provider, Dr. Terrence Pratt, set forth limitations regarding Plaintiff's ability to work. R. at 274. Dr. Pratt opined Plaintiff should not lift more than ten pounds, should not frequently bend or twist, should

change positions at thirty- and sixty-minute intervals when necessary, and must be permitted to "supine as necessary." *Id.* Dr. Pratt also stated, "it would be best if she could perform activities vocationally related at home." *Id.* As Defendant concedes, the Administrative Law Judge ("ALJ") did not consider Dr. Pratt's opinion. #15, at 7. Defendant contends the ALJ's failure to consider and afford weight to Dr. Pratt's opinion equates to harmless error because the ALJ's residual functional capacity ("RFC") "largely accommodates Dr. Pratt's statements." *Id.*

The ALJ's failure to consider and afford weight to Dr. Pratt's opinion is contrary to the applicable regulation. 20 C.F.R. § 404.1527(b)-(c) (stating "we will always consider the medical opinions in your case" and "[r]egardless of its source, we will evaluate every opinion medical opinion we receive."). While the ALJ's RFC accounts for Dr. Pratt's opinion that Plaintiff should not lift more than ten pounds, the ALJ's RFC does not account for the other limitations set forth by Dr. Pratt. First, the RFC does not address Plaintiff's need to avoid frequent bending and twisting. Second, the RFC does not account for Plaintiff being able to change her position every thirty to sixty minutes. Third, the RFC does not address Plaintiff being supine when necessary. Finally, the RFC does not indicate the possibility of performing vocational activities at home. Thus, contrary to Defendant's representation, the ALJ's RFC does not "largely" account for Dr. Pratt's opinion as to Plaintiff's functional limitations. Accordingly, Defendant's argument that the ALJ's failure to consider Dr. Pratt's opinion was harmless error fails. Upon remand, the ALJ must consider Dr. Pratt's opinion, and explain the weight, if any, afforded to his opinion.

### B.    The ALJ's RFC

In addition, the ALJ set forth an RFC that was not supported by the substantial evidence in the record. An ALJ's RFC must be "supported by some medical evidence of [Plaintiff's] ability to function in the workplace." *Hensley v. Colvin*, 829 f.3d 926, 932 (8th Cir. 2016) (citation omitted); *see also McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000) (stating an ALJ must base the RFC on "all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations.").

In determining Plaintiff's RFC, the ALJ afforded "partial weight" to a state agency medical consultant's opinion, "little weight" Plaintiff's treating physician's opinion, and "partial weight" to a medical expert who completed a series of interrogatories at the ALJ's

3

behest. R. at 17-18. The state agency medical consultant, Dr. Kenneth Smith, opined Plaintiff could occasionally lift and carry up to twenty pounds; frequently lift and carry up to ten pounds; stand and/or walk for six hours in an eight-hour workday; sit more than six hours in an eight-hour workday; frequently climb ramps and stairs; frequently balance; occasionally climb ladders, scaffolds, and ropes; occasionally stoop, kneel, crouch, and crawl. R. at 59-60. Dr. Smith also found Plaintiff was not limited in her ability to push, pull, and manipulate things, and did not have any environmental limitations. *Id.* The ALJ afforded Dr. Smith's opinion partial weight because evidence obtained after his opinion was issued "supports a higher degree of functional restriction." *Id.*

Plaintiff's treating physician, Dr. Kam-Fai Pang, opined she would be limited to sitting four hours in an eight-hour workday; could stand or walk for less than one hour in an eight-hour workday; could occasionally bend, crawl, kneel, reach, or maintain balance; and would be precluded from squatting, stooping, crouching, and climbing. R. 484-87. The ALJ gave "little weight" to Dr. Pang's opinion because the limitations "are not well supported in that a solid nexus between the limitations…and [Plaintiff's] course of treatment is not well established." *Id.*

The ALJ requested a professional opinion from Dr. Eric Schmitter. R. at 719. After reviewing the medical records, Dr. Schmitter opined Dr. Pang's opinion was "not substantiated by the scant objective findings." R. at 722. Dr. Schmitter concluded Plaintiff could occasionally lift and carry up to fifty pounds; continuously lift up to twenty pounds; sit, stand, and walk four hours without interruption; sit, stand, and walk for up to six hours in an eight-hour day; frequently climb stairs; and occasionally climb ladders or scaffolds, balance, stoop, kneel, crouch, and crawl; and had no limitations as to reaching, handling, fingering, feeling, pushing or pulling. R. at 723-26. The ALJ found Dr. Schmitter's opinion was "somewhat consistent with the objective medical evidence as a whole" and consistent with a finding that Plaintiff's RFC is not disabling. R. at 18. However, the ALJ determined Dr. Schmitter's opinion did "not adequately take into consideration" Plaintiff's subjective complaints, and this appears to be the reason why the ALJ afforded only "partial weight" to Dr. Schmitter's opinion. *Id.*

Because the ALJ afforded little weight or partial weight to these medical opinions, it remains unclear what portions of these medical opinions form the basis of the RFC. For example, while it appears Plaintiff being limited to "sedentary" work was attributed to Dr. Pang, the ALJ's finding that Plaintiff could occasionally climb ramps and stairs does not

4

appear to be based on a medical opinion. Dr. Pang opined Plaintiff was precluded from climbing, and Dr. Smith and Dr. Schmitter opined Plaintiff could frequently climb stairs. Upon remand, the ALJ must set forth limitations in the RFC that are supported by medical evidence and shall identify the medical evidence supporting the limitations.

### C. Treating Physician's Opinion

Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). A treating physician's opinion may be disregarded if it is unsupported by clinical or other data or is contrary to the weight of the remaining evidence in the record. *See Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996). Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2). The ALJ discounted Dr. Pang's opinion because there was not "a solid nexus between the limitations…and [Plaintiff's] course of treatment…." *Id.* While the ALJ may have properly applied the factors set forth in 20 C.F.R. § 404.1527(c) when discounting Dr. Pang's opinion, the ALJ's use of the phrase "solid nexus" seems incompatible with the regulation's requirement that the ALJ weigh several factors. Upon remand, the ALJ must provide good reasons, supported by evidence in the record, explaining the weight afforded to Dr. Pang's opinion.

### IV. CONCLUSION

For the foregoing reasons, the Commissioner's decision is reversed, and the matter is remanded for further proceedings consistent with this Order.

IT IS SO ORDERED.

DATE: August 27, 2019

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT